### In re MONROE LUMBER CO.

(District Court, S. D. Mississippi, Jackson Division. June, 1910.)

BANKRUPTCY (§ 200*)—LABORERS' LIENS—INVALIDATION—ADJUDICATION.

Where laborers of an insolvent sawmill corporation instituted proceedings in chancery in the state court to establish a lien on the corporation's assets in the hands of receivers, which lien is conferred by Acts Miss. 1908, c. 131, such liens, created February 19, 1910, were dissolved by a bankruptcy adjudication against the corporation on April 13th following, and were not available in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289–316; Dec. Dig. § 200.*]

In the matter of bankruptcy proceedings against the Monroe Lumber Company. On certificate of a referee to determine alleged laborers' liens. Referee's decision holding liens invalid affirmed.

The following is the report of Referee West:

During the administration of the above matter the following question was presented for determination: On the 10th day of February, 1910, the Monroe

Lumber Company, a sawmill corporation at Monroe, Franklin county, Miss., was placed in the hands of receivers in the chancery court of Franklin county by petition of certain creditors, and the receivers took possession of all the property of the said corporation. On February 19, 1910, certain laborers filed their motion in the said court, claiming laborers' liens upon all the property of the said corporation, which motion I attach to these papers. The chancellor considered the said motion, and sustained the same, and decreed that the said laborers should propound their claims in the said court, which they did, as shown by the papers herewith attached. I also attach a motion to declare lien in favor of said laborers. There was no adjudication upon these claims by the chancery court. While the said matter was pending in said court, a petition in involuntary bankruptcy was filed against the said corporation on March 25, 1910, and on April 13, 1910, it was properly adjudicated a bankrupt. Trustees were duly elected and qualified in the bankruptcy proceedings, and the said laborers, who propounded their claims in the chancery court of Franklin county, have properly filed their claims in this court. Many of the said claims, where not exceeding $300 nor more than three months prior to bankruptcy, have been allowed as preferred claims and will be paid as such from the assets in the hands of the said trustees in bankruptcy, provided there are sufficient assets to so pay them.

The laborers claim, however, that by virtue of the proceedings instituted by them in the chancery court of Franklin county they have established such a lien as is not nullified by the adjudication in bankruptcy. Practically all of the assets of the said corporation were mortgaged, and on a foreclosure sale by the trustees in bankruptcy by consent of all parties a sale was had, but the proceeds thereof were not sufficient to discharge the mortgage debts. If these mortgages are valid, there will not be sufficient assets in the hands of the trustees to pay in full the claims of the said laborers; hence the reason for the position that their proceeding in the chancery court is a fixation of their liens such as the bankruptcy court must recognize.

I think this position on the part of said laborers is untenable, as section 67 of the bankruptcy act, and the decisions thereunder, to be found in any edition of Collier on Bankruptcy, nullify such liens, if, indeed, any such were established in the said chancery court. Chapter 131, p. 137, of the Acts of 1908 of the State of Mississippi, and chapters 81 and 83 of the Code of 1906, are relied upon by said laborers as their authority for making the claim that their liens have been sufficiently established so that the adjudication in bankruptcy will not invalidate the same.

I do not think that the liens have been so fixed as that the adjudication can have no effect upon them, and the matter is now sent up to you for determination upon review. The amount of the claims in question aggregates something like $7,000. Counsel will file with you comprehensive briefs.

W. P. Cassedy, for claimants.
J. S. Sexton, opposes

NILES, District Judge. After a careful reading of the record in this cause (In re Monroe Lumber Co., Bankrupt), and briefs of counsel, I am of the opinion that the conclusions of the referee should be affirmed. Questions of this kind have, before this, been presented to this court, in Re Mississippi Mills Receivership and in Re Tishomingo Savings Institution, where a number of applications to establish liens, such as are here sought to be established, were filed by materialmen and laborers, and I have without an exception declined to recognize such claims, and from which no appeals have been taken. I cannot conceive of a lien which could have been created, either by the act of the parties or by operation of law, on the 19th of February, 1910, which could not have been dissolved by the adjudication on April 13, 1910.

The conclusions of the referee in this matter are affirmed.